| | |
|---|---|
| DA'JUAN'DRE LAMAR SR. OF THE LATTING FAMILY<br>*Plaintiff,*<br><br>v.<br><br>MARYLAND DEPARTMENT OF HUMAN SERVICES;<br>DORCHESTER COUNTY, MARYLAND;<br>CIRCUIT COURT FOR DORCHESTER COUNTY, MARYLAND;<br>KAREN R. KETTERMAN<br>*Defendants.*[1] | Civil Action No. ELH-18-3314 |

## MEMORANDUM

In this civil rights suit, plaintiff Da'Juan'dre Lamar Sr. of the Family Latting ("Latting"), proceding *pro se*, has sued the Maryland Department of Human Services ("MDHS"); Dorchester County, Maryland ("Dorchester County"); the Circuit Court for Dorchester County, Maryland (the "Circuit Court"); and Karen R. Ketterman, a former family court magistrate for the Circuit Court. ECF 1 (the "Complaint").[2]

The suit appears to be rooted in a child support enforcement action brought by MDHS against Latting in the Circuit Court. Latting alleges that he was unlawfully compelled to disclose his Social Security number so that the State could employ child support collection remedies under

---

[1] Plaintiff referred to the Maryland Department of Human Services as "42 U.S.C. §654(3) Child Support Administration"; to Dorchester County, Maryland as "75.2 Contractor, 45 CFR §302.34 Dorchester County MD"; to the Circuit Court for Dorchester County, Maryland as "45 CFR 75.2 Contractor Dorchester County MD Famly [sic] Court"; and to Karen R. Ketterman as "75.2 Contractor, Karen R. Ketterman." ECF 1 at 1. The Clerk is directed to amend the Docket to reflect the corrected names of the defendants.

[2] Ketterman is now a State judge on the District Court for Dorchester County. ECF 5-1 at 1 n.1.

Title IV-D of the Social Security Act, which created the federal Child Support Enforcement Program. *Id.* at 1-2.

The Complaint contains nine § 1983 claims: "Deprivation of Rights under Color of Law"; compelled disclosure and use of a Social Security number in violation of 42 U.S.C. § 408; violation of Article I, § 9, clause 3 of the United State Constitution; and violations of the First, Fourth, Fifth, Sixth, Thirteenth, and Fourteenth Amendments to the Constitution. *Id.* at 7-13. Plaintiff seeks general damages, special compensatory damages, punitive damages, reimbursement of income, legal fees and costs, and various forms of equitable relief. *Id.* at 14-15.

MDHS, the Circuit Court, and Ketterman have moved to dismiss (ECF 5) on various grounds, supported by a memorandum of law. ECF 5-1 (collectively, the "Motion"). Dorchester County adopted and incorporated the Motion. *See* ECF 7. Plaintiff has not filed an opposition, and the time to do so has expired. *See* Local Rule 105.2.

No hearing is necessary to resolve the motions. *See* Local Rule 105.6. For the reasons that follow, I shall grant defendants' Motion, with leave to amend.

## I. Factual Background[3]

MDHS is a State agency that provides social services throughout the state of Maryland and, of relevance here, brings child support enforcement actions. Md. Code (2007, 2018 Supp.), § 2-201 of the Human Services Article. The Circuit Court is also a State entity. *See* Md. Code (2013 Repl. Vol., 2018 Supp.), § 1-501 of the Courts & Judicial Proceedings Article ("C.J.") ("The circuit courts are the highest common-law and equity courts of record exercising original jurisdiction within the State.").

---

[3] Given the posture of the case, the Court must assume the truth of Latting's factual allegations. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

2

The Complaint is not a model of clarity, and the Court struggles to determine the precise nature of plaintiff's suit. *See* ECF 1. Nevertheless, it appears that Latting's suit arises out of a child support enforcement action brought against him by MDHS in the Circuit Court. *Id.* at 1-3. Although not expressly stated in the Complaint, the Court assumes that Ketterman, a former family court magistrate, presided over the action. *Id.* at 3-4; ECF 5-1 at 1 n.1. In the proceeding, the State compelled Latting to disclose his Social Security number. The State then used his Social Security number to employ collection remedies and thereby satisfy child support obligations. *Id.* at 8, 12. Specifically, plaintiff alleges that the defendants placed liens on his real and personal property and collected money from his income. *Id.* at 8.

## II. Standard of Review

Defendants have moved to dismiss, in part, under Rule 12(b)(6). A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6). *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must set forth facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 346 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. MTA*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). But, a court is not required to

4

accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Courts generally do not "'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses'" through a Rule 12(b)(6) motion. *Edwards*, 178 F.3d at 243 (quoting *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). However, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan*, 553 F.3d 334, 336 (4th Cir. 2009). Because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies . . . if all facts necessary to the affirmative defense 'clearly appear[ ] *on the face of the complaint.*'" *Goodman*, 494 F.3d at 464 (quoting *Forst*, 4 F.3d at 250) (emphasis added in *Goodman* ).

Because plaintiff is self-represented, the Court must construe the Complaint liberally. But, there are limits. In granting a motion to dismiss a complaint brought by a self-represented plaintiff, Judge Bennett explained in *Jackson v. Experian Fin. Servs.*, RDB-13-1758, 2014 WL 794360, at *1 (D. Md. Feb. 26, 2014) (alterations in *Jackson*):

> As this Court has held, "'the proper length and level of clarity for a pleading cannot be defined with any great precision and is largely a matter for the discretion of the trial court.'" *Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999) (quoting CHARLES A. WRIGHT & ARTHUR R. MILLER, 5 FEDERAL PRACTICE & PROCEDURE

§ 1217 (2d ed. 1990)). Although a pro se plaintiff is generally given more leeway than a party represented by counsel, this Court "has not hesitated to require even pro se litigants to state their claims in an understandable and efficient manner." *Id.* (citing *Anderson v. Univ. of Md. Sch. of Law*, 130 F.R.D. 616, 617 (D. Md. 1989), *aff'd*, 900 F.2d 249, 1990 WL 41120 (4th Cir. 1990) (unpublished table decision)). To that end, a district court "is not obliged to ferret through a [c]omplaint, searching for viable claims." *Wynn–Bey v. Talley*, No. RWT–12–3121, 2012 WL 5986967, at *2 (D. Md. Nov. 28, 2012). Rather, a court "may dismiss a complaint that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* (quoting *Salhuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

And, in *Green v. United States*, GLR-15-2026, 2016 WL 7338408 (D. Md. Dec. 19, 2016), Judge Russell dismissed a suit, *sua sponte*, and explained, *id.* at *1:

> The instant Complaint "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be" and imposes a burden on the court to sort out the factual basis of any claims fairly raised, making dismissal under Rule 8 appropriate. *Holsey v. Collins*, 90 F.R.D. 122 (D. Md. 1981); *see also Spencer v. Hedges*, 838 F.2d 1210 (Table) (4th Cir. 1988). To comply with the rule, a Plaintiff must provide enough detail to illuminate the nature of the claim and allow Defendants to respond. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although district courts have a duty to construe self-represented pleadings liberally, Plaintiff must nevertheless allege facts that state a cause of action. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (duty to construe liberally does not require courts to conjure up questions never squarely presented).

### III. Discussion

Defendants contend that the Complaint fails to state a plausible claim for relief. ECF 5-1 at 13. Specifically, defendants claim that the Complaint "contains insufficient facts to identify the wrongful acts any Defendant purportedly performed, the approximate date or times when such acts may have occurred, or which Defendant may be liable for having performed any such act." ECF 5-1 at 13. Further, they maintain that the Complaint "fails to allege facts to support the elements required of any cause of action," and instead merely offers conclusory allegations. *Id.* Thus, defendants claim that they "'would have little idea where to begin' in responding to the complaint." *Id.* (citing *Twombly*, 550 U.S. at 565 n.10).

Latting's claims are predicated on 42 U.S.C. § 1983. ECF 1 at 1. Section 1983 of Title 42 of the United States Code provides that a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see, e.g., Filarsky v. Delia*, 566 U.S. 377 (2012); *see also Owens v. Balt. City State's Attorney's Office*, 767 F.3d 379 (4th Cir. 2014), *cert. denied sub nom. Balt. City Police Dep't v. Owens*, ___ U.S. ___, 135 S. Ct. 1983 (2015). However, § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999); *see also West v. Atkins*, 487 U.S. 42, 49 (1988); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 928-30 (1982).

To state a claim under § 1983, a plaintiff must allege: (1) that the defendant, a person, "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that the defendant acted "under color of [a State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (citation and internal quotation marks omitted), *cert. denied*, 534 U.S. 952 (2001); *see Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011), *cert. denied*, 565 U.S. 823 (2011); *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 (4th Cir. 2009); *Jenkins v. Medford*, 119 F.3d 1156, 1159-60 (4th Cir. 1997). The phrase "under color of state law" is an element that "is synonymous with the more familiar state-action requirement—and the analysis for each is identical." *Philips v. Pitt Cty. Memorial*

*Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 929 (1982)).

Thus, in order successfully to assert a claim under § 1983 for the violation of constitutional rights, the defendant must be a state actor. In other words, "the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)).

Latting fails to provide a short and plain statement that sets forth sufficient factual matter to suggest a cognizable cause of action. *See Twombly*, 550 U.S. at 556. Because he does not plead a particular federal right established under Title IV-D, the Complaint's first two claims fail. *See Blessing v. Freestone*, 520 U.S. 329, 340 (1997) ("It was incumbent upon respondents [who claimed violations of Title IV-D] to identify with particularity the rights they claimed, since it is impossible to determine whether Title IV-D, as an undifferentiated whole, gives rise to undefined 'rights.'"). Additionally, Latting's constitutional claims (Claims 3 through 9) are not supported by factual allegations that demonstrate a deprivation of constitutional rights. Instead, Latting merely lists general rules along with conclusory statements that his rights were violated.

Accordingly, the Complaint shall be dismissed, without prejudice, because it fails to allege facts sufficient to state a plausible claim. In so holding, I am mindful of the fact that Latting is self-represented. Nevertheless, a self-represented plaintiff must allege facts that state a cause of action, and the facts alleged in Latting's Complaint fall short of that standard. *See Green*, 2016 WL 7338508, at *1.[4]

---

[4] In view of my disposition, I do not address the immunity arguments and other contentions presented by defendants.

## IV. Conclusion

For the aforementioned reason, I shall GRANT the Motion to Dismiss, with leave to amend. An Order follows, consistent with this Memorandum.

Date:  April 30, 2019

                                                  /s/
Ellen Lipton Hollander
United States District Judge